## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| DAVID KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| TARGET CORPORATION, ) | CIVIL NO. 1:18cv1297 (TSE/IDD) |
| dba Target and/or Target Stores, Inc. ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |
| ) | |
| serve: CT Corporation System ) | |
| 4701 Cox Road, Suite 285 ) | |
| Glen Allen, Virginia 23060 ) | |
| ) | |
| ) | |

## COMPLAINT

**COMES NOW** Plaintiff David Kelly ("Plaintiff"), by and through counsel, and for his Complaint against Target Corporation, dba Target and/or Target Stores, Inc. ("Defendant"), states as follows:

### PRELIMINARY STATEMENT

1. This is an action for monetary damages to redress Defendant's unlawful employment practices against Plaintiff, including Defendant's unlawful discrimination and harassment against Plaintiff because of his gender, and retaliation against Plaintiff because of his protected actions, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

2. Over the course of several months, Defendant repeatedly subjected Plaintiff to unlawful discrimination and harassment because of his gender. The blatantly hostile work environment at Defendant included his direct supervisor Anthony Carrico's frequent sexual comments, Mr. Carrico's following female coworkers around the store with cameras and focusing and zooming in on body parts, which were done in Plaintiff's presence, and Mr. Carrico's attempts to enter the female bathroom. This verbal and physical conduct of a sexual nature created an intimidating, hostile, abusive and/or offensive work environment.

3. The atmosphere was one of pervasive discrimination and harassment. Plaintiff felt threatened, harassed, and demeaned by the discrimination. The hostile work environment interfered with Plaintiff's work. The discrimination and harassment were unwelcome.

4. In or around November and December 2017, employees including Plaintiff complained to the Defendant about Mr. Carrico's actions. In response, the Defendant told Mr. Carrico to be careful of the image he was portraying, but did nothing further.

5. In or around January 2018, after further complaints including complaints by Plaintiff, Defendant contacted Plaintiff and told Plaintiff to call in to the store on January 15, 2018, between 7:00 a.m. and 9:00 a.m., to discuss the sexual harassment with a supervisor, Jenee Naylor. Plaintiff called at the appointed time and spoke with Ms. Naylor. During this phone call, Plaintiff again reported the unlawful discrimination. Plaintiff also complained that Defendant had not dealt with earlier complaints of sexual harassment. Plaintiff told the Defendant that he felt that the executive level had failed because the sexual harassment had gone on for months and nothing was done about it.

6. Because the sexual discrimination was caused by a supervisor, Defendant is vicariously liable for the sexual harassment. Defendant is also complicit because the harassment was reported to it at least as early as November or December 2017, and Defendant did nothing to stop the harassment.

7. Because he was sick, after the phone call Plaintiff told Defendant that he could not report to work and fell back asleep for hours.

8. Within hours, Plaintiff was falsely accused of calling in death threats against his supervisor. These threats were allegedly called in at some point the morning of January 15, 2018. Plaintiff denied having made the threats. The following day, on or around January 16, 2018, despite the fact that Plaintiff denied having made the threats, despite the fact that the threats were very similar to threats made by someone else in the recent past, and after a very shoddy investigation, Plaintiff was fired for alleged "gross misconduct" because of the threats. This was pretext and was actually retaliation for Plaintiff's having reported sexual harassment in the workplace. Indeed, Defendant's own investigation showed that Plaintiff could not have made the phone threatening phone call and that he did not make the threats.

9. Defendant's conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, permanent harm to his professional and personal reputation, and severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

10. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title

VII. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

12. Plaintiff is, and at all times material hereto was, a citizen of the Commonwealth of Virginia, residing in Chantilly, Virginia, and at all times material herein was an employee of Defendant, until he was fired in retaliation for his reporting sexual harassment in violation of Title VII.

13. Defendant is a Minnesota corporation whose headquarters is in Minneapolis, Minnesota. Defendant owns and operates more than 1,800 retail stores throughout the United States, including stores in Virginia.

## PROCEDURAL REQUIREMENTS

14. Plaintiff has complied with all statutory prerequisites to filing this action.

15. On or about February 15, 2018, Plaintiff filed a Verified Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), charging Defendant with unlawful discriminatory employment practices because of gender and unlawful retaliation in response to his protected activity.

16. On or about July 26, 2018, the EEOC issued a Dismissal and Notice of Rights, authorizing Plaintiff to pursue his claims of unlawful employment discrimination and retaliation in another judicial forum. Plaintiff received the right-to-sue letter on July 30, 2018.

17. This action has been filed within ninety (90) days of receipt of the EEOC's right-to-sue letter.

18. Any and all other prerequisites to the filing of this suit have been met.

**FACTUAL ALLEGATIONS**

19. Plaintiff is a hard-working 36 year old man who worked for Defendant from April 7, 2014, through his unlawful termination on or around January 16, 2018. He is a conscientious and reliable employee who at all times performed his duties in an exemplary manner and got along well with his colleagues and employers. Until he started working at Defendant, Plaintiff was in good health mentally, physically and emotionally.

20. Plaintiff began working at Defendant on or around April 7, 2014, as a Target Protection Specialist. In or around July 2015, he was promoted to the position of Asset Protection Specialist. His primary responsibilities included, but were not limited to, identifying and resolving instances of theft and fraud, apprehending shoplifters, and conducting internal theft investigations. As Asset Protection Specialist, Plaintiff directed a team of Target Protection Specialists. Up until the time of his unlawful termination, Plaintiff was a valued employee who was being groomed for a possible promotion and who received very good to exceptional performance reviews. Plaintiff worked for Defendant full-time until his termination on or around January 16, 2018, within one day after his protected activity reporting unlawful sexual harassment.

21. Starting on or around September 2017, Plaintiff was subjected to a repeated, continuous and prolonged discrimination and harassment on the basis of his gender. In or around January 16, 2018, Plaintiff was terminated in retaliation for his protected actions reporting the discrimination and harassment.

I. **DISCRIMINATION**

**A. Plaintiff was Discriminated Against On the Basis of His Sex While Employed at Defendant.**

22. Throughout his employment at Defendant, Plaintiff was singled out by his immediate supervisor Anthony Carrico, who is male, and who subjected him to a constant barrage of discrimination, harassment, and intimidation.

23. Mr. Carrico made unwelcome sexual comments to Plaintiff about some of the female coworkers in the store, including which coworkers he found most attractive.

24. Mr. Carrico made unwelcome sexual comments to Plaintiff about how the minor female employees, whom he referred to as "jail bait," would look after they turned eighteen years old.

25. In front of Plaintiff, Mr. Carrico used the store cameras to follow some of the female coworkers around during their shift, zooming in on body parts, and discussing the employees in sexual terms.

26. All of these and other actions created an intimidating, hostile, humiliating, and offensive work environment which interfered with Plaintiff's work.

27. The pervasive atmosphere at Defendant was one of discrimination and harassment on the basis of sex. The discriminatory and harassing actions and statements were repeated, continuous and prolonged.

28. No women were subjected to the same types of comments about women's bodies, comparative attractiveness, and "jail bait." Mr. Carrico did not use the store cameras to zoom in on employees' bodies and make leering comments in the presence of women, only in the presence of men.

29. These actions were hostile and humiliating.

### B. Plaintiff Was Subjected to Sexual Harassment and a Hostile Work Environment.

30. Mr. Carrico, Plaintiff's male supervisor, constantly subjected Plaintiff to a work environment that was harassing and hostile because he was a male.

31. Mr. Carrico would, in Plaintiff's presence, made sexual comments about female employees and customers.

32. Mr. Carrico would, in Plaintiff's presence, use the video equipment to follow women around the store and zoom in on body parts.

33. Mr. Carrico would attempt to follow women into the women's bathroom.

34. The pervasive atmosphere at Defendant was one of discrimination on the basis of gender. Unwanted sexual commentary and actions were common. These comments and actions were hostile and threatening.

## II. HOSTILE ATMOSPHERE

35. The atmosphere at Defendant was permeated with discriminatory intimidation, ridicule and insult, that was sufficiently pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

36. The environment at Defendant was physically threatening, humiliating and abusive such that no employee should have to subject themselves.

37. Plaintiff was subjected to sexual commentary, exposed to sexually demeaning actions, and subject to persistent derogatory remarks.

### III. TERMINATION

38. Plaintiff was terminated in retaliation for his protected actions reporting the sexual harassment and discrimination.

39. The harassment and discrimination culminated in Plaintiff reporting the sexual harassment to Defendant. Within one day of reporting the sexual harassment, Plaintiff was terminated from employment in retaliation for his protected activities.

### COUNT I
### DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII
### (GENDER DISCRIMINATION)

40. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 39, inclusive, as if fully set forth herein.

41. Plaintiff is a hard-working 36 year-old man who is a conscientious and reliable employee who at all times performed his duties in an exemplary manner and got along well with his colleagues and employers. Until he started working at Defendant, Plaintiff was in good health mentally, physically and emotionally.

42. Mr. Carrico singled out Plaintiff and subjected him to a constant bombardment of discrimination, harassment, threats and intimidation because of his gender.

43. Mr. Carrico constantly subjected Plaintiff to a work environment that was harassing and hostile because he was a male.

44. Mr. Carrico barraged Plaintiff with sexually harassing and discriminatory comments about women. It was unwanted and unwelcome, and made him feel unsafe, uncomfortable, demeaned and harassed.

45. Mr. Carrico would make sexual comments to Plaintiff about the bodies of other coworkers, including coworkers who were minors. The comments were belittling and harassed Plaintiff.

46. In front of Plaintiff, Mr. Carrico would use video equipment to follow female employees around the store and zoom on to their bodies while making sexual comments. These actions were unwanted and unwelcome, and created a hostile work environment.

47. Mr. Carrico would make sexual comments about the relative attractiveness of different female coworkers.

48. Plaintiff was so distraught and upset by Mr. Carrico's actions that he began trying to avoid Mr. Carrico, who was his direct supervisor. The harassment unreasonably interfered with Plaintiff's work and changed the terms and conditions of his employment by creating an intimidating, hostile, humiliating, and sexually offensive work environment.

49. Employees reported Mr. Carrico's sexual harassment to supervisors, and in response Defendant did nothing other than to urge him to be mindful of his behavior.

50. Defendant has discriminated against Plaintiff on the basis of his gender (male) in violation of Title VII by denying him the same terms and conditions of employment available to employees who are not male, including, but not limited to, subjecting him to disparate working conditions and denying him the opportunity to work in an employment setting free of unlawful harassment.

51. Defendant has discriminated against Plaintiff on the basis of his gender (male) in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his gender.

52. The discrimination and harassment was so severe that it changed the terms and conditions of Plaintiff's employment. The harassment was sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

53. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which he is entitled to an award of monetary damages and other relief.

54. Defendant's unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

## COUNT II
## RETALIATION VIOLATION OF TITLE VII

55. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 54, inclusive, as if fully set forth herein.

56. Plaintiff reported the unlawful harassment to supervisors in December 2017. Nothing was done to remedy the harassment at that time.

57. After further complaints, Plaintiff was told to call the store on or around January 15, 2018, between 7:00 a.m. and 9:00 a.m. Plaintiff called at the appointed time. He spoke with Ms. Naylor from 8:17 a.m. until 8:28 a.m. about Mr. Carrico's misconduct.

58. In this phone call, Plaintiff reported that Mr. Carrico sexually harassed him through his actions.

59. In this phone call, Plaintiff complained that Defendant failed to address complaints of sexual harassment over a period of months. Plaintiff told team leader Jenee Naylor that he felt like the executive level had failed because Mr. Carrico harassed women for months and nothing was done about it.

60. Within a day, Plaintiff was fired from the job he had held for nearly four years in retaliation for his reporting the sexual harassment and complaining about Defendant's response to sexual harassment complaints.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputations and loss of career fulfillment;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

E. An award of punitive damages;

F. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

G. Such other and further relief as the Court may deem just and proper.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

DAVID KELLY

By: _____

Donna L. Biderman, Esq. (VSB 40818)
LAW OFFICE OF DONNA L. BIDERMAN, PLLC
4015 Chain Bridge Road
Suite 32
Fairfax, Virginia 22030
Telephone: (703) 966-5434
Facsimile: (888) 450-8569
dbiderman@bidermanlaw.com
*Attorney for Plaintiff David Kelly*